**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

D.J.Y., by and through his Next Friend,
KELLY YORK,

      Plaintiff,

v.                                     CASE NO:
                                     HON:

YPSILANTI PUBLIC SCHOOLS,
YPSILANTI PUBLIC SCHOOL DISTRICT,
SHARRON IRVINE,
PAULA SIZEMORE,
KIMBERLY FERRELL,
ANN ROBINSON,
THOMAS WOODARD,
WASHTENAW COUNTY,
AARON HENDRICKS,
KATRINA BOURDEAU,
ANTHONY KENDRICKS, and
JASMINE GATES
in their individual and official capacities,

      Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Shawn.cabot@cjtrainor.com | |

**COMPLAINT AND JURY DEMAND**

     **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and for his Complaint against the above-named Defendants, states as follows:

1.      Plaintiff D.J.Y. is a male minor who lives with his mother (Next Friend, Kelly York) and father (John York), in Belleville, County of Wayne, State of Michigan.

2.      Defendant Ypsilanti Public Schools is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

3.      Defendant Ypsilanti Public School District is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4.      Defendant Sharron Irvine is and/or was an employee of Ypsilanti Public Schools and was the Director of Human Resources at all times relevant herein.

5.      Defendant Kimberly Ferrell is and/or was the principal of the Ypsilanti Middle School at all relevant times herein.

6.      Defendant Ann Robinson is and/or was an employee of the Ypsilanti Middle School at all times relevant herein.

7.      Defendant Paula Sizemore is and/or was an employee of Ypsilanti Public Schools and was the Assistant Principal of the Ypsilanti Middle School at all times relevant herein.

8.      Defendant Thomas Woodard is and/or was a teacher at the Ypsilanti Middle school at all times relevant herein.

9.      Defendant Washtenaw County is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

10.      Defendant Aaron Hendricks is and/or was an employee of the Washtenaw County Sheriff's Department as well as a liaison officer for Ypsilanti Public Schools at all times relevant herein.

11.      Defendant Katrina Boudreau is and/or was an employee of the Washtenaw County Sheriff's Department at all times relevant herein.

12.     Defendant Anthony Kendricks is and/or was an assistant prosecuting attorney for Washtenaw County at all times relevant herein.

13.     Defendant Jasmine Gates was and/or is an employee for Child Protective Services at all times relevant herein.

14.     That at all times relevant herein, the individually-named Defendants were acting under color of law, within the course and scope of their employment, and within their individual and official capacities at all relevant times herein.

15.     The actions giving rise to this lawsuit occurred in Ypsilanti, County of Washtenaw, State of Michigan.

16.     This is an action involving violations of the United States Constitution (42 U.S.C. § 1983) as well as state laws.

17.     That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, attorney fees, and costs.

## FACTS

18.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

19.     At the time of the incidents alleged in this Complaint, Plaintiff D.J.Y. was a 14 year-old male student attending Ypsilanti Middle School.

20.     On or about April 17, 2012, Next Friend, Kelly York, received a telephone call from Defendant Sizemore who falsely accused Plaintiff D.J.Y. of inappropriately touching a female student in the hallway of the Ypsilanti Middle School.

21.     Despite the known fact that the alleged victim was an emotionally impaired student and had a myriad of social and psychological problems, and without confirming the allegations

3

whatsoever, Defendant Robinson removed Plaintiff from his fourth hour art class; took Plaintiff to be held against his will in Defendant Sizemore's office without a parent or guardian present; and stayed in the office while Defendant Sizemore threatened Plaintiff and falsely stated that they caught him committing the action at issue on videotape and threatened and coerced Plaintiff to sign a statement admitting to same.

22.     Plaintiff refused to sign a statement admitting to the allegations because they were false and otherwise not true.

23.     Specifically, Defendant Sizemore falsely accused Plaintiff D.J.Y. of grabbing the female student's buttocks and breasts.

24.     The allegations and accusations made against D.J.Y. were false and Defendants knew them to be false.

25.     Prior to the arrival of Next Friend, Kelly York, Defendants Robinson and Sizemore took Plaintiff D.J.Y. into a room; refused to let him leave; and threatened him with legal action.

26.     Plaintiff D.J.Y. denied touching the breasts and buttocks of the female student victim.

27.     Next Friend, Kelly York, removed Plaintiff D.J.Y. from the Ypsilanti Schools and placed him into the Van Buren School District as a result of the false accusations made against him.

28.     Next Friend, Kelly York, spoke with Defendant Irvine about the false accusations being brought against her son, and was told that they would watch the videotape of the incident.

29.     Upon information and belief, Defendant Sizemore failed to timely report the alleged incident, and then when she did report same, falsely accused Plaintiff of engaging in conduct he did not commit; despite the fact that the videotape exonerated Plaintiff.

30.     Upon information and belief, Defendant Jasmine Gates watched the videotape of the incident and also falsely accused Plaintiff D.J.Y. of committing the acts alleged.

31.     Defendant Aaron Hendricks was the officer in charge of the investigation into the allegations made against Plaintiff D.J.Y. after he was contacted by Defendant Sizemore.

32.     Upon information and belief, the videotape of the alleged incident, which has subsequently been erased, exonerated Plaintiff D.J.Y. of the crimes he was accused of and showed a different boy committing the acts.

33.     During Defendants' investigation into the matter, no one ever admitted to seeing Plaintiff D.J.Y touch the female student victim's breasts or buttocks, yet they continued to pursue charges.

34.     Upon information and belief, Defendant Woodard was to have allegedly witnessed the incident at issue herein; but did not; and yet failed to clear up this mis-information.

35.     Despite the fact that videotape exonerated Plaintiff D.J.Y.,  criminal charges were pursued against Plaintiff D.J.Y and was ultimately formally charged with CSC Fourth Degree—Forcible Contact in August of 2012.

36.     Despite Plaintiff's innocence, Defendant Bourdeau signed the complaint/delinquency proceedings and petition for delinquency proceedings that started the criminal actions against Plaintiff in the courts without having conducted a thorough investigation and/or without knowing the complete facts.

37.     Defendants were all aware that the female student accusing Plaintiff D.J.Y. of touching her had a significant mental health history.

38.     Upon information and belief, it was not until February 27, 2013, that Defendants Kendrick and Hendricks met with the female student victim to see if what Plaintiff had been accused of was actually true or not.

39.     At that meeting, the female student victim admitted that she was confused when she wrote out her statement accusing Plaintiff D.J.Y. of touching her.

40.     The student victim further stated that Plaintiff D.J.Y. never touched her breasts, but stated that she said same because at the time, Defendant Woodard was talking about his daughter and her "physical development."

41.     The case against Plaintiff D.J.Y was not dismissed until March 27, 2013.

42.     As a result of the unlawful actions and/or inactions of Defendants, Plaintiff D.J.Y. suffered significant injuries and damages.

## COUNT I
## FALSE ARREST/FALSE IMPRISONMENT

43.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44.     That Defendants caused the arrest and/or imprisonment of Plaintiff without any legal justification and/or probable cause by fabricating evidence against Plaintiff.

45.     That Defendants did cause Plaintiff to be held against his will and/or imprisoned without any legal justification and/or probable cause.

46.     Defendants restricted Plaintiff's liberties against his will.

47.     Defendants' actions were without legal justification and/or probable cause.

48.     As a result of Defendants' actions, Plaintiff suffered injuries and damages.

49.     Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

        **WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT II
## MALICIOUS PROSECUTION

50.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

51.     Defendants arrested and caused/instituted criminal proceedings to be brought against Plaintiff in this matter.

52.     Defendants had no probable cause to believe that the proceedings against Plaintiff could succeed.

53.     Defendants instituted and caused charges and proceedings to be brought against Plaintiff by submitting false, misleading, and/or incomplete testimony and/or evidence.

54.     That the charges brought against Plaintiff were dismissed.

55.     That as a result of Defendant maliciously bringing charges against Plaintiff, Plaintiff sustained damages.

56.     In addition, pursuant to MCLA 600.2907, civil liability shall attach to the Defendant who for vexation and trouble maliciously caused and/or procured the Plaintiff to be arrested and to proceed on charges against Plaintiff in which he had no probable cause to arrest or no probable cause to proceed with the charges.

57.     That Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe so that Plaintiff is entitled to treble damages.

        **WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

### COUNT III
### VIOLATION OF THE FOURTH AMENDMENT
### 42 U.S.C. § 1983 UNREASONABLE SEIZURE WITHOUT PROBABLE CAUSE

58.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

59.     That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and bodily security without due process of law and to be free from unreasonable searches and seizures.

60.     At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights.

61.     Defendants acted unreasonably and failed in their duty when they falsely arrested/detained/seized Plaintiff without considering the totality of the circumstances.

62.     Defendants acted unreasonably and failed in their duty when they unlawfully seized and detained Plaintiff.

63.     Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable seizures.

64.     Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiff's deprivation of his Fourth Amendment rights.

65.     Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

        **WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT IV
## VIOLATION OF THE FOURTH AMENDMENT
## 42 U.S.C. § 1983 MALICIOUS PROSECUTION

66.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

67.     At all material times herein, Defendants charged Plaintiff with bogus crimes and instituted criminal proceedings against Plaintiff which concluded in his favor.

68.     As stated above, Defendants had no actual knowledge or probable cause to believe that the charges he brought against Plaintiff would succeed and acted unreasonably when they initiated a malicious prosecution of Plaintiff in which the charges were dismissed.

69.     Defendants failed to properly and thoroughly investigate, manufactured probable cause, lied, and wrongfully initiated criminal proceedings against Plaintiff.

70.     Defendants were the initiators of Plaintiff's wrongful prosecution by unlawfully seizing him and charging him with bogus crimes, thereby causing damages.

71.     Defendants knew that they falsely and recklessly built a case against Plaintiff and this exemplified their callous indifference to Plaintiff's life and liberty.

72.     Defendants' actions were the direct and proximate cause of Plaintiff's malicious prosecution, which violates his Fourth Amendment rights.

73.     Pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests that this Court award Plaintiff exemplary, compensatory, and punitive damages, plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

        **WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT V
## CONSTITUTIONAL VIOLATIONS COMMITTED BY DEFENDANTS YPSILANTI PUBLIC SCHOOL, YPSILANTI PUBLIC SCHOOL DISTRICT and WASHTENAW COUNTY

74.    Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

75.    Defendants acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that resulted in violations to Plaintiff.

76.    These customs, policies, and/or practices included but were not limited to the following:

      a.    Failing to supervise employees to prevent violations of citizens' constitutional rights;

      b.    Failing to adequately train and/or supervise employees regarding reasonable seizures;

      c.    Failing to adequately train and/or supervise employees regarding lawful prosecution of a charge;

      d.    Failing to control and/or discipline employees known to harass, intimidate, and/or abuse citizens;

      e.    Failing to adequately train and/or supervise employees regarding appropriate investigations;

      f.    Failing to supervise, review, and/or discipline employees whom Defendants knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in such conduct;

g.      Failing to require compliance of its employees with established policies and/or procedures and/or rules and discipline or reprimand those who violate these established policies;

77.     Acting intentionally and with deliberate indifference to the obvious and/or know risks posed by its officers and personnel acting in conformity with these policies, customs, and/or practices, to detainees and/or arrestees, Defendants practiced and/or permitted customs and/or policies that resulted in the violations of Plaintiff's constitutional rights complained of herein.

78.     At the time of the incident complained of herein, it was clearly established that the Fourth Amendment prohibited illegal searches and seizures and prohibited malicious prosecution.

79.     The facts as set forth in the preceding paragraphs constitute a violation of Plaintiff's Fourth and Fourteenth Amendment rights and pursuant to 42 U.S.C. § 1983, Plaintiff has a viable claim for compensatory damages, costs, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter and award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT VI
## GROSS NEGLIGENCE

80.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

81.     The governmental agencies that employed Defendants were engaged in the exercise or discharge of a governmental function.

82.     Defendants' conduct amounted to gross negligence that was the proximate cause of Plaintiffs' injuries and damages.

83.     At the time of the incident complained of herein, Defendants had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiff.

84.     Notwithstanding these duties, Defendants breached their duty with deliberate indifference and gross negligence and without regard to Plaintiff's rights and welfare, which caused injuries and damages to Plaintiffs.

85.     Defendants knew or should have known that by breaching these duties, harm would come to Plaintiff.

86.     That according to MCL 691.1407(2), the breach of Defendants' duty to exercise reasonable care was reckless and amounted to gross negligence.

87.     That as a direct and proximate result of Defendants' indifferent/grossly negligent acts and/or omissions, Plaintiff suffered injuries and damages.

88.     Defendants' actions were so egregious and so outrageous that Plaintiff's damages were heightened and made more severe, thus Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

## COUNT VII
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

89.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

90.     As described in this complaint, the actions against Plaintiff were taken deliberately and with the intention of bringing about the contemplated results.

91.     The conduct of Defendants was extreme and outrageous.

92.     As a direct and proximate result of Defendants' extreme and outrageous actions against the Plaintiff, he suffered severe emotional distress.

93.     Plaintiff suffers from severe emotional distress.

WHEREFORE, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

**COUNT VIII**
**VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS RIGHTS**

94.     Plaintiff realleges and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

95.     At all times mentioned herein, the individually-named Defendants were acting under color of law and in the course and scope of their employment.

96.     The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that "[n]o State shall ….deprive any person of life, liberty, or property without due process of law."

97.     Plaintiff had a liberty interest in his own physical safety, his good name, his liberty, and property.

98.     By their conduct, the individually-named Defendants showed intentional, outrageous, and reckless disregard for Plaintiff's clearly established constitutional rights.

99.     The individually-named Defendants' actions and/or inactions showed deliberate indifference to Plaintiff's clearly established Fourteenth Amendment rights, and deprived Plaintiff of his clearly established constitutionally protected rights.

100.    The harm caused Plaintiff was foreseeable and a fairly direct cause of Defendants' willful disregard of Plaintiff's clearly established Fourteenth Amendment rights.

101.    As the direct and proximate result of Defendants' actions and/or inactions, Plaintiff suffered injuries and damages; and therefore, Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983 including costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

        **WHEREFORE**, Plaintiff requests that this Honorable Court enter an award in his favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of costs, interest, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **/s/ Shawn C. Cabot**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
SHAWN C. CABOT (P64021)
Attorneys for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
Dated:  April 10, 2014          shawn.cabot@cjtrainor.com
SCC/

14

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

D.J.Y., by and through his Next Friend,
KELLY YORK,

     Plaintiff,

v.                                         CASE NO:
                                         HON:

YPSILANTI PUBLIC SCHOOLS,
YPSILANTI PUBLIC SCHOOL DISTRICT,
SHARRON IRVINE,
PAULA SIZEMORE,
KIMBERLY FERRELL,
ANN ROBINSON,
THOMAS WOODARD,
WASHTENAW COUNTY,
AARON HENDRICKS,
KATRINA BOURDEAU,
ANTHONY KENDRICKS, and
JASMINE GATES
in their individual and official capacities,

     Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>(248) 698-3321-fax<br>Amy.derouin@cjtrainor.com | |

**DEMAND FOR JURY TRIAL**

   **NOW COMES** Plaintiff, by and through his attorneys, CHRISTOPHER TRAINOR &

ASSOCIATES, and hereby makes a Demand for Trial by Jury in the above-captioned matter.

                              Respectfully Submitted,
                              CHRISTOPHER TRAINOR & ASSOCIATES

                              BY: **/s/ Shawn C. Cabot**
                              CHRISTOPHER J. TRAINOR (P42449)
                              AMY J. DEROUIN (P70514)
                              SHAWN C. CABOT (P64021)
                              Attorneys for Plaintiff
                              9750 Highland Road
                              White Lake, MI  48386
                              (248) 886-8650
                              shawn.cabot@cjtrainor.com

Dated:  April 10, 2014
SCC/