# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

D.J.Y., by and through his Next
Friend, Kelly York,

Case No. 14-cv-11467

          Plaintiff,       Hon. Judith E. Levy

                            Mag. Judge David R. Grand

v.

Ypsilanti Community Schools,
Sharron Irvine, Paula Sizemore,
Kimberly Ferrell, Ann Robinson,
Thomas Woodard, Washtenaw
County, Aaron Hendricks, Katrina
Bourdeau, and Jasmine Gates,

          Defendants.

_____/

# AMENDED OPINION AND ORDER GRANTING DEFENDANT JASMINE GATES' MOTION TO DISMISS [43]

Pending before the Court is defendant Jasmine Gates' motion to dismiss. (Dkt. 43.) Pursuant to E.D. Mich. Local R. 7.1(f)(2), the Court will decide the motion without oral argument.

## I.    Background

This case arises from an April 17, 2012 incident in which plaintiff was accused of inappropriately touching a female student in the halls of

Ypsilanti Middle School. That day, plaintiff was removed from class and questioned about the incident. At some later point, plaintiff's mother withdrew plaintiff from Ypsilanti Middle School. In August 2012, plaintiff was charged with Criminal Sexual Conduct in the Fourth Degree. The charges were eventually dismissed on March 27, 2013.

With regard to the events giving rise to this case, defendant Jasmine Gates, a child protective services worker for the State of Michigan's Department of Human Services, is alleged to have done the following:

1) On April 27, 2012, Gates appeared on the doorstep where plaintiff's mother lived to discuss the allegations against plaintiff. At that time, plaintiff's mother informed Gates that there was a videotape of the incident proving that plaintiff did not touch the female student. (Dkt. 40 at ¶ 59.)

2) At some point, Gates watched the videotape, and continued to falsely accuse plaintiff of having inappropriately touched the female student. (Dkt. 40 at ¶ 62.)

Based on these facts, plaintiff brings charges against Gates for false arrest and imprisonment, malicious prosecution, unreasonable

search and seizure under the Fourth Amendment, malicious prosecution under the Fourth Amendment, gross negligence, and violation of plaintiff's Fourteenth Amendment due process rights.

Gates filed a motion to dismiss on November 10, 2014.

## II.   Legal Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "construe the complaint in the light most favorable to the plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir.2012).   "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).   A plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III.   Analysis

### A. Amended Complaint

3

On October 7, 2014, the Court heard oral argument on a motion to dismiss by four defendants in this matter.  At that hearing, the Court ruled that the factual allegations in the complaint were insufficient to state a plausible claim against any of those defendants.  Plaintiff's counsel then requested an opportunity to amend the complaint to more clearly and fully state both the facts at issue in this case, and which of the defendants allegedly committed which of the violations of law alleged in the complaint.

Plaintiff filed his amended complaint on October 28, 2014.

B. False Arrest/Imprisonment

A false-arrest claim under Michigan law requires the plaintiff to show that defendants "participated in an illegal and unjustified arrest, and that [the defendants] lacked probable cause to do so." *Walsh v. Taylor,* 689 N.W.2d 506, 513 (Mich. Ct. App. 2004).  Plaintiff alleges no arrest in his complaint.  Specifically, he does not allege that Gates participated in, conducted, knew of, or was even tangentially involved with any arrest of plaintiff.  Because plaintiff does not allege that he was arrested, the claim for false arrest against Jasmine Gates is dismissed.

4

False imprisonment requires the plaintiff to show "(1) an act committed with the intention of confining another, (2) the act directly or indirectly results in such confinement, and (3) the person confined is conscious of his confinement." *Id.* at 514. The plaintiff must also show that "[t]he restraint . . . occurred without probable cause to support it." *Id.* The only acts that plaintiff alleges Gates engaged in were to discuss the allegations with his mother, and then, vaguely, to falsely accuse plaintiff through some unidentified channel of having committed the crime at issue. Because Gates is not alleged to have committed any act with the intention of confining plaintiff, the claim for false imprisonment is dismissed.

C. Malicious Prosecution (Michigan Law)

Under Michigan law, a plaintiff asserting malicious criminal prosecution has the burden of proving "(1) that the defendant has initiated a criminal prosecution against him, (2) that the criminal proceedings terminated in his favor, (3) that the private person who instituted or maintained the prosecution lacked probable cause for his actions, and (4) that the action was undertaken with malice or a purpose in instituting the criminal claim other than bringing the

offender to justice." *Matthews v. Blue Cross & Blue Shield of Mich.*, 456 Mich. 365, 378 (1998).

Plaintiff does not allege that Gates initiated or maintained a criminal prosecution against him. Further, plaintiff does not allege how Gates, a child protective services worker, could have had the ability to do so. The vague assertion that Gates continued to accuse him of a crime, without corresponding factual allegations showing that she actually participated in his prosecution in some way, is insufficient to state a plausible claim for malicious prosecution under Michigan state law. Accordingly, the malicious prosecution claim under Michigan law is dismissed.

D. Unreasonable Search and Seizure in Violation of the Fourth Amendment

"In assessing whether the right against unreasonable searches and seizures has been violated, the court must consider whether the action is attributable to the government, and amounts to a search or seizure for Fourth Amendment purposes." *Relford v. Lexington-Fayette Urban Cnty. Gov't*, 390 F.3d 452, 457 (6th Cir. 2004.)

In the light most favorable to plaintiff, the single interaction Gates is alleged to have had with plaintiff's mother (the only concrete

action Gates is alleged to have taken) must, somehow, constitute a search or seizure for Fourth Amendment purposes. Plaintiff offers no support for the argument that a verbal discussion with the parent of a minor concerning an allegation against the minor, during which the government agent has no contact whatsoever with the minor, constitutes a search or seizure of the minor. This single interaction is plainly insufficient to constitute a search or seizure for Fourth Amendment purposes, and this claim is dismissed.

E. Malicious Prosecution Under the Fourth Amendment

To succeed on a malicious-prosecution claim under § 1983 when the claim is premised on a violation of the Fourth Amendment, a plaintiff must prove the following: First, the plaintiff must show that a criminal prosecution was initiated against the plaintiff and that the defendant made, influenced, or participated in the decision to prosecute. Second, because a § 1983 claim is premised on the violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, the plaintiff suffered a deprivation of liberty, as understood in our Fourth Amendment jurisprudence, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor.

*Sykes v. Anderson*, 625 F.3d 294, 308-09 (6th Cir. 2010) (internal citations and quote marks omitted).

In his complaint, plaintiff does not allege that Gates made, influenced, or participated in the decision to prosecute him.  At most, the complaint alleges that Gates investigated the allegation, then at some unspecified later date watched the exonerating footage and still continued to accuse plaintiff of the crime.  Plaintiff does not allege that Gates had any contact with any person who would have initiated a prosecution, or that anyone who initiated a prosecution relied on or was even aware of Gates' impressions as to plaintiff's guilt or innocence.

Accordingly, the claim for malicious prosecution under the Fourth Amendment is dismissed.

F. Gross Negligence

Plaintiff asserts an independent claim for gross negligence against a government official under M.C.L. § 691.1407(2).  "Although establishing that a governmental official's conduct amounted to 'gross negligence' is a prerequisite to avoiding that official's statutory governmental immunity, it is not an independent cause of action." *Bletz*

*v. Gribble*, 641 F.3d 743, 756 (6th Cir. 2011) (citing *Van Vorous v. Burmeister*, 262 Mich. App. 467, 483 (2004)).

Plaintiff's gross negligence claim is not viable under Michigan law. Accordingly, this claim is dismissed.

G. Violation of Due Process Under the Fourteenth Amendment

Plaintiff argues that Gates violated both his substantive and procedural due process rights under the Fourteenth Amendment. Plaintiff argues that Gates' actions "shock[ed] the conscience," and thus offended his substantive due process rights. *Cnty. of Sacramento v. Lewis*, 523  U.S. 833, 846 (1998).  In particular, he argues that Gates acted with deliberate indifference toward his federally protected rights. *See Claybrook v. Birchwell*, 199 F.3d 350, 359 (6th Cir. 2000).  The right plaintiff identifies is his fundamental liberty interest in freedom and an uninterrupted education.  Plaintiff does not state how his procedural due process rights were violated.

Simply put, there are no facts alleged that would give rise to a plausible due process claim against Gates, even when viewed in the light most favorable to the plaintiff.  The only concrete action Gates is alleged to have taken is to discuss the allegations against plaintiff with

9

plaintiff's mother.   There is no allegation that this conversation, or Gates' alleged later belief that plaintiff was guilty, even after having watched the allegedly exonerating video tape, in any way impinged on plaintiff's freedom or uninterrupted education.

Further, plaintiff does not argue that Gates violated his procedural due process rights other than a cursory invocation of the same grounds asserted for the substantive due process claim. Accordingly, plaintiff's Fourteenth Amendment due process claims are dismissed.

IV.   Conclusion

For the reasons stated above, it is hereby ordered that:

Defendant Jasmine Gates' motion to dismiss (Dkt. 43) is GRANTED.

IT IS SO ORDERED.

Dated: February 10, 2015                  s/Judith E. Levy
Ann Arbor, Michigan                       JUDITH E. LEVY
                                          United States District Judge

10

## <u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 10, 2015.


<u>s/ Tanya Bankston</u>
for Felicia M. Moses
FELICIA M. MOSES
Case Manager

11